# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. FERGUSON, | CASE NO. 1:11-cv-00065-AWI-GBC PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DIRECTING PLAINTIFF TO FILE A COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MICHAEL L. BENOV, | (ECF No. 1) |
| Defendant. | |

On January 11, 2011, Plaintiff Steven M. Ferguson ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a motion for a temporary restraining order. The Clerk's Officer erroneously treated it as a complaint and opened the instant action. The filing is a motion for a temporary restraining order and preliminary injunction rather than a complaint and shall be treated as such. Plaintiff is requesting a court order to keep him from being transferred out of the Federal Prison Camp in Taft, California. On February 7, 2011, Plaintiff filed a motion to proceed in forma pauperis and a notice of change of address showing that he has been transferred to La Tuna Federal Prison Camp in Anthony, Texas.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Additionally, a complaint must be filed in order for the court to set a hearing on a temporary restraining order or preliminary injunction. Local Rule 231. This action may not proceed without a complaint on file. By this order, Plaintiff will be provided with the opportunity to file a complaint. If Plaintiff does not wish to proceed with this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which provides a

remedy for violation of civil rights by federal actors, Plaintiff may file a notice of voluntary dismissal. The Court will direct the Clerk's Office to send Plaintiff a Bivens complaint form.

Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at the Federal Prison Camp, the injunctive relief he is seeking is moot.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction, filed January 11, 2011, is DENIED, as moot;

2. The Clerk's Office shall send Plaintiff a Bivens complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

   a. File a complaint, or

   b. File a notice of voluntary dismissal; and

4. The failure to comply with this order will result in the closure of this file.

IT IS SO ORDERED.

Dated:   June 7, 2011

CHIEF UNITED STATES DISTRICT JUDGE