# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. FERGUSON, | CASE NO.   1:11-cv-065-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| MICHAEL L. BENOV, | CLERK TO CLOSE CASE |
| Defendant. | |

Plaintiff Steven M. Ferguson ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action. On June 7, 2011, the Court determined that Plaintiff's request for injunctive relief was erroneously treated as a complaint, and ordered Plaintiff to either file an amended complaint or notify the Court of voluntary dismissal.[1] (ECF No. 13.) Plaintiff was given thirty days to respond. (Id.) To date, Plaintiff has not filed anything with the Court.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

---

[1] On June 30, 2011, the Court's Order was returned as undeliverable. On April 21, 2011, the Court also received notification of other Orders returned as undeliverable. Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Given the Court's inability to communicate with Plaintiff and the fact that there is no operative pleading filed, dismissal is the only appropriate sanction. Cf. Local Rule 183. Moreover, the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendants in allowing this case to linger greatly outweigh the policy favoring disposition of cases on the merits.

Accordingly, it is hereby ORDERED that the instant action be dismissed without prejudice for failure to prosecute and/or obey a Court order.

IT IS SO ORDERED.

Dated: July 14, 2011

CHIEF UNITED STATES DISTRICT JUDGE